The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Garner. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
******************
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On 17 July 1992, plaintiff was a passenger in a Lincoln Continental driven by her husband, Sam Semenza, traveling in a southward direction on Interstate I-85 just north of Henderson, North Carolina. At approximately 9:40 p.m., a vehicle which was traveling in front of Mr. Semenza suddenly swerved to the right, and both Mr. and Mrs. Semenza noticed a pair of headlights heading straight towards them and behind the headlights a set of blue lights. Mr. Semenza applied brakes and turned to the left, and a vehicle hit the passenger side of the Semenza vehicle which ended up in the median.
2. Mrs. Semenza lost consciousness but came to and remembered some of the scene of the wreck but was subsequently transported to the hospital in Henderson, by EMS workers who arrived on the scene within minutes. Neither Mr. or Mrs. Semenza could identify any law enforcement vehicle at the accident scene nor any law enforcement officer at the accident scene. Neither could Mr. or Mrs. Semenza testify to any law enforcement officers being in pursuit of the vehicle which hit Mr. and Mrs. Semenza.
3. Sergeant Larry Parker of the State Highway Patrol testified that broadcast over the Vance County Law Enforcement radio network was an announcement that there was motorist proceeding on the wrong way of the southbound lane of I-85. Sergeant Parker, being near I-85, responded to the call and proceeded in a northerly direction on the north lane of travel of I-85 and at such time heard radio transmissions from Deputy Sheriff Howard Compton indicating that a wreck had occurred. At that time Sergeant Parker increased his speed and came to the site of the wreck at which time he noticed Deputy Sheriff Compton in a struggle with what appeared to be the driver of the vehicle which had hit the Semenza vehicle head on.
4. Sergeant Parker helped Deputy Compton subdue the driver of the vehicle who was Ortiz Juan Martinez. Mr. Martinez appeared to be under the influence of alcohol and was subsequently arrested for DWI, driving left of center and reckless driving. At that time, Sergeant Parker took over the investigation of this matter, which included a visit by Sergeant Parker with Mr. and Mrs. Semenza at the hospital in Henderson.
5. Sergeant Larry Parker engaged in no pursuit of the vehicle operated by Mr. Martinez and knew of no law enforcement officer who had engaged in such pursuit of the Martinez vehicle. If so, he would have had to file a special report and would have charged Mr. Martinez with eluding a law enforcement officer.
6. The only evidence offered by plaintiff of a possible law enforcement pursuit of Mr. Martinez is the testimony of Mr. and Mrs. Semenza that they saw blue lights at such time that they initially noticed the Martinez vehicle heading toward them. However, there is no evidence of identification of the law enforcement vehicle which exhibited such blue lights or of any law enforcement officer and, specifically, an officer of the North Carolina Highway Patrol at the scene of the collision. It is most probable that, based upon the scene of the accident, Deputy Sheriff Howard Compton used his radio transmitter to report a collision. Sergeant Parker arrived on the scene and witnessed Deputy Howard Compton's attempt to arrest Mr. Martinez. Deputy Howard Compton is now deceased and was unavailable for the trial of this matter.
******************
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff's evidence taken in the light most favorable to plaintiff can only establish the fact that both Mr. and Mrs. Semenza saw blue lights at such time that they noticed the Martinez vehicle coming toward them. In the absence of competent evidence to identify the source of said blue lights, plaintiff cannot meet her burden of proof which includes the necessity of identifying the alleged negligent actor in this matter. Further, there was no evidence tendered by plaintiff as to the operation of the law enforcement vehicle whose blue lights they noticed prior to and during the course of any part of his travel behind the Martinez vehicle prior to the collision; and, as such, there can be no findings as to the degree and type of negligence that might have been committed by the unidentified vehicle bearing the blue lights. Plaintiff's evidence in this matter is insufficient as a matter of law to establish negligence and the perpetrator of such alleged negligence. Therefore, plaintiff cannot prevail.
******************
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Plaintiff's claim under the Torts Claim Act is hereby DENIED.
2. Each side shall pay its own costs.
This the 10th day of July 1997.
 S/ ___________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ___________________________ COY M. VANCE COMMISSIONER
S/ ___________________________ MARY MOORE HOAG DEPUTY COMMISSIONER
DCS:jmf